UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:12-cr-00024-LRH-WGC |
|---|---|
| Plaintiff, | Case No. 3:19-cr-00008-LRH-WGC |
| v. | ORDER |
| WARD ALLEN SCHRECONGOST, | |
| Defendant. | |

Before the Court are Defendant Ward Allen Schrecongost's ("Schrecongost") two Motions for Early Termination of Supervised Release. ECF Nos. 33,[1] 56.[2] The filed motions are identical. *Id*. In October of 2021, while nearing the conclusion of his supervised release, Schrecongost committed a battery on a stranger. Schrecongost admitted to the conduct and was sentenced in state court.[3] Based upon the state court offense and conviction, a petition was filed for the revocation of Schrecongost's supervised release in each of his two federal cases. ECF Nos. 54, 55. In June of 2022, a hearing was held, and the Court sentenced Schrecongost to 22-days imprisonment[4] with two concurrent 12-month terms of supervised release to follow. *Id*. Schrecongost has served roughly half of his 12-month period of supervised release.

In his motion, Schrecongost argues that early termination of supervised release is warranted because, apart from his previous violation, he has resumed full compliance with the terms of his

---

[1] ECF No. 33 corresponds to Schrecongost's Motion in Case No. 3:19-cr-00008-LRH-WGC.
[2] ECF No. 56 corresponds to Schrecongost's Motion in Case No. 3:12-cr-00024-LRH-WGC. For clarity, the Court cites to ECF No. filings in this case throughout the Order as opposed to Shrecongost's other federal case.
[3] Schrecongost was sentenced by the Sparks Justice Court for the State of Nevada in Case No. 21-SCR-01719.
[4] The 22-day imprisonment sentence was ordered to run concurrent with Schrecongost's state court sentence.

1

supervised release. ECF No. 56 at 2. Specifically, Schrecongost claims that he's become a law-abiding citizen, launched a business, started a family, tested clean, and not recidivated. *Id*. at 2–4. Further, Schrecongost argues that the purpose of his supervised release has been fulfilled. *Id*. at 4. The Government opposes Schrecongost's motion because he "had such an egregious violation near the end of his last term of supervised release," that ending his current 12-month term early is not warranted. ECF No. 57 at 4–5. Although the government commends Schrecongost for his current good behavior and lack of violative conduct, it argues that Schrecongost "continues to show a lack of accountability and responsibility regarding the event that led to his battery conviction and the supervised release violation and revocation." *Id*. In reply, Schrecongost argues that the record reveals he admitted to the prior violation and that he has taken full responsibility for his actions. ECF No. 58 at 2. Further, Schrecongost argues that no 18 U.S.C. § 3553(a) interests would be served by continuing his supervised release. *Id*. at 3. After careful review, the Court concludes that early termination of supervised release is not warranted in this matter.

18 U.S.C. § 3583(e)(1) permits a court to terminate supervised release early if, after considering certain factors set forth in 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Given the "expansive phrases 'conduct of the defendant' and 'interest of justice,'" a district court has "broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Section 3553(a) provides, in relevant part:

> (a) **Factors to be considered in imposing a sentence.**– The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>      . . .
>      (B) to afford adequate deterrence to criminal conduct;
>      (C) to protect the public from further crimes of the defendant; and
>      (D) to provide the defendant needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>      . . .
> (4) the kinds of sentence and the sentencing range established for –

|   |   |   |
|---|---|---|
| (A) | | the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines– |
| | | . . . |
| (B) | | in the case of a violation of probation or supervised the release, the applicable policy statements issued by the Sentencing Commission |
| | | . . . |
| (5) | any pertinent policy statement– | |
| | | . . . |
| (6) | the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and | |
| (7) | the need to provide restitution to any victims of the offense[.] | |

Here, the circumstances and relevant conduct that gave rise to Schrecongost's conviction and sentence are concerning. As Schrecongost neared completion of his supervised release, he voluntarily and consciously committed a dangerous battery against a stranger. The timeline of events indicates Schrecongost had time to consider the consequences of his actions, yet still chose to act in a way that would harm others and violate his supervised release. After admitting to the violation, the Court imposed a 22-days concurrent imprisonment with two concurrent 12-month term supervised release sentences for violating a material condition of his supervised release. In that matter, the Court could have imposed a prison sentence of up to 24-months and a term of supervised release of up to 36-months if no prison time was ordered. Under the sentencing guidelines, which are only advisory upon the Court, the Court could have imposed a sentence of 8 to 14-months imprisonment with a term of supervised release to follow, which could have been 22-months to 28-months. The probation department recommended a 6-months jail term with 12-months of supervised release to follow. After full consideration of the Probation Department's recommendations, the Government's position, and the Defense's position, the Court chose to impose the favorable sentence of 22-days imprisonment concurrent with Schrecongost's state jail time, to be followed by two concurrent 12-month terms of supervised release. The Court found this low sentence appropriate because of the progress Schrecongost had made and felt his meaningful contributions to improving himself since his original conviction warranted acknowledgement.

///

Since then, Schrecongost has served nearly half of his 12-month term and has had no technical violations of his supervised release. However, Schrecongost's criminal history is repetitive, includes repeated violent conduct, and his criminal history category is in the highest range at VI. Considering the circumstances of Schrecongost's supervised release violation, and the characteristics of his criminal history record, the Court finds that the purpose of supervised release has not yet been fulfilled.  His history and these circumstances do not warrant early termination of the favorable supervised release term which he has previously received.

The Court genuinely commends Schrecongost for his progress. He has made strides in both his personal and professional life that do not go unnoticed. However, under these circumstances, and particularly because of the extent and nature of his criminal history, early termination of supervised release is not warranted. Accordingly, the Court denies Schrecongost's Motion for Early Termination of Supervised Release.

IT IS THEREFORE ORDERED that Schrecongost's Motions for Early Termination of Supervised Release (ECF Nos. 33, 56) are DENIED.

IT IS SO ORDERED.

DATED this 30th day of December, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE